UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE TIMOTHY C. STANCEU, JUDGE

| | |
|---|---|
| CELIK HALAT VE TEL SANAYI A.S., ) <br> ) <br>                   **Plaintiff,** ) <br> ) <br>    v. ) <br> ) <br> UNITED STATES, ) <br> ) <br>                   **Defendant,** ) <br> ) <br>    and ) <br> ) <br> INSTEEL WIRE PRODUCTS COMPANY, ) <br> SUMIDEN WIRE PRODUCTS CORPORATION, ) <br> AND WIRE MESH CORP., ) <br> ) <br>              **Defendant-Intervenors.** ) <br>                                   ) | Court No. 21-00050 |

## NOTICE OF SUBSEQUENT HISTORY OF CITED AUTHORITY

Defendant-Intervenors Insteel Wire Products Company, Sumiden Wire Products Corporation, and Wire Mesh Corp. respectfully submit this notice clarifying the subsequent procedural history of a decision of this Court relied upon in Defendant-Intervenors' May 5, 2022 Comments in Support of the Commerce Department's Remand Redetermination (ECF No. 36) ("Defendant-Intervenor Comments").

In the May 5, 2022 comments, Defendant-Intervenors cited Taizhou United Imp. & Exp. Co. Ltd. v. United States, 2022 Ct. Intl. Trade LEXIS 14 (Feb. 18, 2022) ("Taizhou II"), for the Court's approval of Commerce's explanation of the law on the attribution of countervailable subsidies to non-subject merchandise, and for the Court's finding that the plaintiff failed to tailor its arguments to the law by instead relying on conclusory statements regarding how the subsidy

was used.  See Defendant-Intervenor Comments at 11-12, 17.  On March 7, 2022, after Taizhou II was issued, the plaintiff-intervenors in that case moved for rehearing.  Taizhou II entered final judgment, including ordering liquidation of the covered entries of subject merchandise, but did so without full adjudication of all claims.  See Plaintiff-Intervenors' Motion for Relief from Judgment and for Rehearing, Ct. No. 16-00009 (Mar. 7, 2022) (ECF No. 122).  Specifically, the Court had not decided the plaintiff-intervenors' claims that Commerce's findings that certain suppliers were "government authorities," that a benefit was provided, and that the subsidy was specific, were not supported by substantial evidence.  See id.  On May 6, 2022, the Court granted the plaintiff-intervenors' motion and vacated Taizhou II, the February 18, 2022 decision cited by Defendant-Intervenors in this case.  See Order, Ct. No. 16-00009 (May 6, 2022) (ECF No. 129).

In the Court's final opinion issued on May 10, 2022, the Court made clear that it was relying on and reinstating the substantive result enunciated in Taizhou II, even though the decision itself had been vacated for procedural reasons.  Taizhou United Imp. & Exp. Co. Ltd. v. United States, Slip Op. 22-43, Ct. No. 16-00009, at 4 (May 10, 2022) ("Taizhou III").  As the Court explained:

> In Taizhou I, the court sustained the Final Results as to almost all the issues raised by Plaintiffs; however, the court remanded Commerce's determinations to countervail subsidized purchases of glass and aluminum extrusions for further explanation and reconsideration. Id. "Because the court remand{ed} Commerce's determination that it may countervail glass and aluminum extrusions as inputs to the subject merchandise . . . the court d{id} not reach Plaintiffs' alternative arguments as to whether Commerce reasonably found that the statutory requirements of § 1677(5) were met with respect to Plaintiffs' aluminum extrusion and glass purchases." See Taizhou I, 44 CIT at ___, 475 F. Supp. 3d at 1311.  On remand, Commerce clarified and further explained why its determinations to countervail subsidized purchases of glass and aluminum extrusions were reasonable and in accordance with

-3-

> law, and the court sustained Commerce's remand results.  See Taizhou II, 46 CIT ___, 2022 WL 500665.
>
> Accordingly, what remains before the court are Plaintiffs' challenges to Commerce's application of the statutory requirements in finding that there were countervailable subsidies on glass and aluminum extrusions in the Final Results. . . .  For the reasons set forth below, the court denies Plaintiffs' motions, sustains the Final Results as to these remaining issues, and will enter judgment accordingly.

Taizhou III at 3-5.  The Court further explained in a footnote that it vacated Taizhou II for the sole purpose of "allow{ing} it to consider Plaintiffs' remaining arguments."  Id. at 4 n.2.

The history of the case as stated in Taizhou III and the Court's acceptance of and reliance on the legal conclusions reached in Taizhou II make clear that the merits of Taizhou II stand.  Although final judgment in Taizhou II was vacated to allow the Court to consider unaddressed claims, the Court's reasoning in that decision remains relevant and instructive as cited by Defendant-Intervenors in this case.

                                                 Respectfully submitted,

                                                 s/ Brooke M. Ringel
                                                 KATHLEEN W. CANNON
                                                 PAUL C. ROSENTHAL
                                                 R. ALAN LUBERDA
                                                 BROOKE M. RINGEL
                                                 JOSHUA R. MOREY
                                                 KELLEY DRYE & WARREN LLP
                                                 3050 K Street, N.W., Suite 400
                                                 Washington, DC  20007
                                                 (202) 342-8400

                                                 Counsel to Defendant-Intervenors

May 13, 2022